**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**CHRISTOPHER MICHAEL WATKINS,**

    **Petitioner and Defendant,**

v.                                   Civil Case No.:     4:07cv67
                                          Criminal Case No.:  4:00cr43

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION and ORDER

This matter is before the Court on Christopher Michael Watkins' ("Defendant" or "Watkins") Motion Under 28 U.S.C. § 2255 ("§ 2255") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Docs. 32 (Motion filed July 16, 2007), 33 (Memorandum filed July 16, 2007). Additionally, Defendant has moved for leave to proceed in forma pauperis. Doc. 34 (Motion filed July 16, 2007). For the reasons that follow, Defendant's § 2255 motion is **DISMISSED** as untimely, and Defendant's motion for leave to proceed in forma pauperis is **DENIED** as moot.

I. Procedural History[1]

On July 10, 2000, Defendant was indicted for Possession of a Firearm by Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Doc. 1 (Indictment). A jury found Defendant guilty as charged of the sole count of the indictment on January 31, 2001. Doc. 11 (Verdict

---

[1] This section does not necessarily represent the entire procedural history of the case, but rather states those events relevant to the consideration of the issues presently before the Court. Certain other events are stated later herein as they relate to a specific issue.

Form).  On April 25, 2001, Defendant was sentenced to eighty-seven (87) months' imprisonment, and three (3) years' supervised release.  Doc. 17 at 2-3 (Judgment in a Criminal Case filed May 2, 2001); Docket No. 4:00cr43.  Defendant filed his Notice of Appeal on May 3, 2001.  Doc. 18.  Defendant's sentence and conviction were affirmed by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit").  Docs. 24 (Advanced Opinion filed December 5, 2001), 25 (Opinion filed December 27, 2001), 26 (Judgment filed December 27, 2001), 27 (Notice of Issuance of Mandate filed December 27, 2001); United States v. Watkins, 24 Fed. Appx. 134, 135 (4th Cir. 2001) (unpublished) (Decided December 4, 2001).

On January 20, 2006, Defendant filed a Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and supporting memorandum.  Doc. 29.  Thereafter, Defendant mailed a letter dated January 23, 2006, requesting "the [C]ourt to send the petition back to [him] unfiled, because [he] failed to seek permission by way of 28 U.S.C. [§] 2244 with the 4th Cir[cuit] Court of Appeals."  Accordingly, the Court construed Defendant's "January 23, 2006, letter as a motion to withdraw his § 2255 motion," and dismissed the motion without prejudice.  Doc. 31 (Order entered September 11, 2006).

On July 16, 2007, Defendant filed another § 2255 Motion and supporting Memorandum.  Docs. 32, 33.  Additionally, Defendant requests leave to proceed in forma pauperis.  Doc. 34.

II.  LEGAL PRINCIPLES AND ANALYSIS

A.  Statute of Limitations

Regarding a motion made pursuant to § 2255,

> A 1-year period of limitation [] appl[ies] . . . [and runs] from the latest of:
>     (1) the date on which the judgment of conviction becomes final; or
>     . . .

>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6 (Sections (2) and (3) are not considered as irrelevant under the claims and facts asserted by Defendant.).  Presently, Defendant's conviction and sentence were affirmed by the Fourth Circuit, and Defendant did not petition the Supreme Court of the United States ("Supreme Court") for a writ of certiorari.  Docs. 24-27; Watkins, 24 Fed. Appx. at 135.  The Fourth Circuit entered its judgment no later than December 27, 2001, the date on which the printed opinion, judgment and notice of issuance of mandate were filed in this Court.  Docs. 25-27.  Under § 2255 ¶ 6(1), "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003).  A petition for a writ of certiorari must be filed in the Supreme Court no later than ninety (90) days from entry of the judgment.  Clay, 537 U.S. at 525 (citing SUP. CT. R. 13(1)).  Accordingly, Defendant's judgment of conviction became final no later than March 27, 2002, ninety (90) days from the filing of the Fourth Circuit's judgment and related documents with this Court.

Defendant maintains his sentence was improperly imposed due to a miscalculation in his sentencing guidelines, and that his trial and appellate counsel were constitutionally ineffective for failing to argue the error.  Doc. 33 at unnumbered 1-4.  Because Defendant's claim concerns the calculation of the sentencing guidelines, he was aware of all of the necessary facts prior to his sentencing on April 25, 2001.  Presentence Investigation Report ("PSR") at 11-13, 32-33, A-1, A-2.  Accordingly, § 2255 ¶ 6(4) presents an earlier date than March 27, 2002, the date his conviction became final.

Therefore, under § 2255 ¶ 6, the date on which the one year limitations began to run on Defendant's § 2255 claim was at latest March 27, 2002.  Defendant's § 2255 petition necessarily

should have been filed on or prior to March 27, 2003. However, Defendant's petition was not filed until July 16, 2007, over four (4) years after the time period had elapsed. Docs. 32, 33.[2] Accordingly, Defendant's § 2255 petition is untimely.

### 2. Equitable Tolling

Considering Defendant's argument liberally in light of his status as a pro se litigant, the Court considers Defendant's assertion that his pleading is excused from the limitations period under the actual innocence exception concerning a recidivist sentencing enhancement. See Gordon, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 99 (1978) (granting liberal construction to pro se pleadings); Doc. 33 at unnumbered 2 (citing United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000)); Doc. 32 at 13[3]. However, Defendant's dependence on the Fourth Circuit's holding in Mikalajunas is misplaced. Mikalajunas concerned the procedural default of failing to timely object before the trial court or raise the issue on appeal, and did not involve the one year limitations period. Mikalajunas, 186 F.3d at 492-93. Specifically, to be excused from the procedural default of failing to previously raise the issue, and also from the cause and prejudice standard which normally applies in such circumstances, the Defendant must "show actual innocence to excuse [his] procedural default." Mikalajunas, 186 F.3d at 494.

Presently, Defendant's assertion is comparable to the argument made in O'Handley v. Johnson, No. 2:05cv113, 2006 U.S. Dist. LEXIS 13138, at *2 (E.D. Va. March 14, 2006) (Smith, J.) (unpublished), which concerned Defendant's contention "that the statute of limitations does

---

[2] As noted, Defendant previously filed and moved to withdraw a § 2255 petition, which was also filed years after the one year time period expired. Docs. 29, 30.
[3] Defendant's reliance on White v. United States, No. 2:01cr91-3, No. 2:05cv378, 2006 U.S. Dist. LEXIS 58215, at *4-5 (E.D. Va. August 14, 2006) (Morgan, J.) (unpublished), aff'd, 219 Fed. Appx. 297, 297-98 (4th Cir. 2007) (unpublished) is similarly misplaced as the Court in White held the petitioner could not rely on Mikalajunas even under his stated theory of the law in light of the limitations set forth in that case.

not apply to his case because of his claims of 'actual innocence.'" There, the Court held the "actual innocence" exception did not excuse Defendant's failure to timely file his federal habeas claim. O'Handley, 2006 U.S. Dist. LEXIS 13138, at *3-4. Rather, the Court considered Defendant's delayed filing under the doctrine of equitable tolling, in light of the criteria set forth in Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). O'Handley, 2006 U.S. Dist. LEXIS 13138, at *3-5.

In Rouse, the Fourth Circuit held Defendant's filing of his federal habeas petition one day late was untimely as he had "not shown any extraordinary circumstances beyond his control that prevented him from complying with the statute of limitations." Rouse, 339 F.3d at 241, 253. Under Rouse, "rarely will circumstances warrant equitable tolling," in light of the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." Rouse, 339 F.3d at 246 (citations and internal quotations omitted). Equitable tolling is only appropriate under the abovenoted extraordinary circumstances test, which requires the Defendant to present "(1) extraordinary circumstances, (2) beyond the control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246. A "federal habeas court" may dismiss a § 2255 petition as untimely without prior notice to Defendant when it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." United States v. Sosa, 364 F.3d 507, 510 (4th Cir. 2004) (citation and internal quotation omitted).

Presently, it is indisputably clear that Defendant's petition is over four (4) years late and cannot be salvaged by equitable tolling principles. First, Defendant, through counsel, contested the application of his sentencing guidelines regarding his criminal record. Doc. 14 (Position of

Defendant with Respect to Sentencing Factors filed April 17, 2001); PSR at A-1, A-2, Findings of Fact.  As such, Defendant was acutely aware of the facts and legal principles he now asserts.  Second, Defendant's Memorandum of Law in Support of his § 2255 petition is articulately drafted and considers his failure to timely file his petition.  Doc. 32 at 13 (utilizing several paragraphs to answer the statement, "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.").  Third, Defendant has filed several legal motions in federal court since becoming aware of the information necessary to file his § 2255 petition.  Doc. 32 at 2, 5-6, 11; Watkins v. Bledsoe, No. 7:06cv64, 2007 U.S. Dist. LEXIS 12690, at *1-12 (W.D. Va. February 23, 2007) (Kiser, J.) (unpublished) (habeas corpus petition filed pursuant to 28 U.S.C. § 2241 was dismissed); In re: Watkins, 223 Fed. Appx. 265, 265 (4th Cir. 2007) (per curiam) (writ of audita querela dismissed as "not available or appropriate").  Clearly, Defendant is able to file legal motions in federal courts.  Because Defendant was fully aware of the facts supporting his claim prior to his sentencing hearing, has shown the capacity to file motions in federal court, and has considered the limitations period and attempted to excuse his untimely petition, the Court finds Defendant has not and cannot salvage his over four (4) year late petition under principles of equitable tolling.

### III.  Conclusion

For the foregoing reasons, Defendant's Motion under § 2255 is **DISMISSED** as untimely.  Additionally, Defendant's Motion to proceed in forma pauperis is **DENIED** as moot.

Defendant is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk,

Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order.  If Petitioner wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Counsel of Record for the United States, and the Defendant.

It is so **ORDERED**.

>                    /s/
> HENRY COKE MORGAN, JR.
> SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 20, 2007